

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FERN PARNESS,                                    :
                                                 :
                              Plaintiff,          :
                                                 :
            -against-                             :
                                                 :
EPLUS, INC. and EPLUS TECHNOLOGY, INC.,          :
                                                 :
                              Defendants.        :
                                                 :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MEMORANDUM DECISION
AND ORDER

20 Civ. 7266 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Fern Parness brings this action against ePlus, Inc. and ePlus Technology, Inc.

(together, "Defendants"), asserting claims under the Employee Retirement Income Security Act

of 1974, 29 U.S.C. § 1140, Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq.*,

as amended by § 504 of the Rehabilitation Act of 1973; the New York City Human Rights Law,

N.Y.C. Admin. Code § 8-101 *et seq.*; and the New York State Human Rights Law, N.Y. Exec.

Law §§ 290 *et seq.* (Compl., ECF No. 1, ¶ 1.) Defendants move to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(3) for improper venue, or in the alternative, to transfer venue to the

United States District Court for the Eastern District of Virginia pursuant to 18 U.S.C. § 1404(a).

(Mot. to Dismiss the Compl., or in the Alternative, to Transfer Venue, ECF No. 13.) Defendants'

motion to transfer pursuant to Section 1404(a) is GRANTED.

## I.    DEFENDANTS' MOTION TO DISMISS IS DENIED

Defendants' motion to dismiss pursuant to Rule 12(b)(3) is improper. Defendants' only

challenge to this Court's jurisdiction is the existence of a forum selection clause in the parties'

agreement, designating Virginia as the exclusive forum for suits arising under that agreement.

Rule 12(b)(3) allows "dismissal only when venue is wrong or improper[, which] depends exclusively on whether th[is] court . . . satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013) (quotation marks omitted). Plaintiff asserts that venue is proper pursuant to 28 U.S.C. § 1391(b). (Compl. ¶ 16.) Defendants do not challenge that assertion.[1] Accordingly, when a court satisfies the requirements of the federal venue laws, a party may not move to dismiss an action on the ground that a forum selection clause between the parties requires suit in another district, but may enforce a forum selection clause by "a motion to transfer under [28 U.S.C.] § 1404(a)." *Atl. Marine*, 571 U.S. at 52.

Pursuant to Section 1404(a), "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[A] court must consider a two-part inquiry." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas, LLC*, No. 20 Civ. 3139 (ER), 2020 WL 7647177, at *7 (S.D.N.Y. Dec. 23, 2020) (citing *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 291 (S.D.N.Y. 2018)). First, a court must "determine whether the action could have been brought in the proposed transferee forum." *Id.*, at *7 (citing *Casey*, 338 F. Supp. 3d, at 292). Second, a district court evaluates the "private-interest and public-interest considerations to determine whether transfer is appropriate." *Atl. Marine*, 571 U.S. at 63. Those considerations include:

> (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means

---

[1] Plaintiff also asserts that venue is proper pursuant to 29 U.S.C. § 1132(e)(2), which Defendants also do not challenge.

of the parties; (8) the forum's familiarity with the governing law; and (9) trial efficiency and the interests of justice.

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2020 WL 7647177, at *7 (citing *Casey*, 338 F. Supp. 3d at 292).

A forum selection clause, however, changes the second prong of this analysis in three ways: (1) "[p]laintiff's choice of forum merits no weight"; (2) "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests"; and (3) "a § 1404 transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Atl. Marine*, 571 U.S. at 63–64. "Only under extraordinary circumstances unrelated to the convenience of the parties" should a motion to transfer pursuant to a forum selection clause be denied. *Id.* at 62.

## II.   DEFENDANTS' MOTION TO TRANSFER IS GRANTED

As an initial matter, the forum selection clause is presumptively enforceable.[2]  A forum selection clause is presumptively enforceable if "the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute[.]" *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014).  Plaintiff does not dispute that the forum selection clause was communicated to her or that the forum selection clause is mandatory. Indeed, the clause is clearly mandatory as it "require[s] that any employment disputes be governed

---

[2] The parties contend that Virginia law should govern this Court's analysis of the forum selection clause's enforceability. (Defs.' Mem. of Law in Supp. Of their Mot. to Dismiss or, in the Alternative, to Transfer Venue ("Defs.' Mem."), ECF No. 14, at 5; Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss or, in the Alternative, to Transfer Venue ("Pl.'s Opp'n"), ECF No. 17, at 3.)  Contrary to the parties' contentions, "questions of enforceability are resolved under federal law, while interpretive questions—questions about the meaning and scope of a forum selection clause—are resolved under the substantive law designated in an otherwise valid contractual choice-of-law clause." *Martinez v. Bloomberg LP*, 740 F.3d 211, 224 (2d Cir. 2014).

by and construed under the laws of Virginia and resolved *exclusively* in courts in Virginia."
(Compl. ¶ 17 (emphasis added).)   The clause establishes Virginia as exclusive to other
jurisdictions. *See S.W. Virginia, R.P.S, L.L.C. v. C.T.I. Molecular Imaging, Inc.*, 74 Va. Cir. 117
(2007) ("[A] mandatory forum selection clause identifies a particular state or court as having
exclusive jurisdiction over disputes arising out of the parties' contract and their contractual
relationship."). Finally, Plaintiff also does not dispute the clause's applicability to the parties and
each of her claims.

Plaintiff fails to establish why a transfer pursuant to section 1404(a) is unwarranted. First,
the parties do not contest that this action could have been brought in the Eastern District of
Virginia. Defendants' headquarters and principal place of business are in that district. (Defs.'
Mem. at 13.) Second, Plaintiff has not met her burden of demonstrating that any public interest
factors render enforcement of the forum selection clause inappropriate here.[3] In fact, Plaintiff does
not raise *any* public interest concerns. Instead, she argues that enforcement of the forum selection
clause is unreasonable because she suffers from cancer, undergoes chemotherapy during a three-
week cycle, and "travel to Virginia for trial and/or any associated proceedings during [the]
COVID-19 pandemic" would effectively deprive Plaintiff of her day in court. Pl.'s Opp'n at 3–4.
While this Court acknowledges the hardship that Plaintiff faces in her battle with cancer, Plaintiff's
private interests are not controlling in the face of a valid and enforceable forum selection clause.

Plaintiff's reliance on *Lieberman* is misplaced. (Pl.'s Opp'n at 5–6.) Even if this Court
were to consider Plaintiff's private interest concerns, none of those concerns rise to the level of

---

[3] Plaintiff argues that Defendants fail to "identify a meaningful reason to enforce the forum selection clause
in light of Plaintiff's medical condition." Pl.'s Opp'n at 7. Plaintiff, however, misconstrues the law. It is
not Defendants' burden to establish reasons why the forum selection clause should be enforced but it is
Plaintiff's burden to establish why it should not. *Atl. Marine*, 571 U.S. at 574 ("[P]laintiff, as the party
defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the
parties bargained is unwarranted.").

that presented by the *Lieberman* plaintiff. There, the court declined to enforce the forum selection clause, finding that it would be unreasonable to order the "bed-ridden" plaintiff to litigate her case in Florida. *Lieberman v. Carnival Cruise Lines*, No. Civ. 13-4716 (JLL), 2014 WL 3906066, at *3 (D.N.J. Aug. 7, 2014). The court determined that enforcement would deny plaintiff her "day in court" because she required "assistance with basic life activities," and she suffered from "debilitating medical conditions." *Lieberman*, 2014 WL 3906066, at *11. Plaintiff does not contend that she suffers from similar extreme conditions as those presented by the incapacitated *Lieberman* plaintiff. While Plaintiff complains of fatigue; shortness of breath; abdominal pain; and other symptoms, Plaintiff is not "bedridden." Indeed, she can, among other things, visit her local grocery store and take walks in her neighborhood. (Decl. of Fern Parness in Opp'n to Defs.' Mot. to Dismiss or in the Alternative to Transfer ("Parness Decl."), ECF No. 16, at ¶¶ 18–19.)

Further, most, if not all, of Plaintiff's concerns can be adequately addressed by the transferee court during case management. The parties can discuss a schedule for proceedings on dates that do not conflict with Plaintiff's three-week cycle of chemotherapy. Moreover, given the increased ability of courts and parties to conduct almost all aspects of a case remotely, which has become fairly commonplace during the present pandemic, Plaintiff has not established an extraordinary circumstance that renders it unreasonable to enforce the forum selection clause. Plaintiff's "day in court" does not require a physical appearance prior to, or even during, trial. *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 11 (2d Cir. 1995) ("A plaintiff may have his 'day in court' without ever setting foot in a courtroom.") (citation omitted). None of the concerns that Plaintiff raises regarding an in-person trial in Virginia, compel an in-person trial in this forum. Accordingly, the valid forum selection clause is enforceable, and transfer to Virginia is warranted.

5

## III.   CONCLUSION

Defendants' motion to transfer pursuant to 28 U.S.C § 1404(a), (ECF No. 14), is

GRANTED.  The Clerk of Court is directed to terminate the motions accordingly and transfer this

action to the United States District Court for the Eastern District of Virginia.


Dated: New York, New York
       March 4, 2021

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

6